The opinion of the Court was delivered by
Withers, J.
This prisoner has also been convicted of inveigling, stealing and carrying away a slave.
He assumes the same ground in arrest of judgment which has been considered and adjudged in the case of Gossett, and it must abide the same determination.
A new trial is claimed in this case also, because of defect in the evidence to show, that the offence was perpetrated within the jurisdiction. The circumstances, bearing upon this question, though not the same, are nevertheless pertinent to the inquiry; are resolvable alone by the jury; have been referred to them *442 'under instructions that have induced no complaint; whatever the prisoner thought proper to produce, per contra, has been heard and interpreted by the triers of facts, (for the contents, substantially, of the bill of sale were heard by the jury, though the specific paper was excluded;) and however terrible the consequences to the individual, it would be extra-official and of evil import to the cause of necessary justice to arrest its progress merely on that account, being able to assign no reason to show the error of the jury.
It is too plain to justify argument, that the bill of sale was not proved, and could not, therefore, be received in evidence; hut the prisoner has no pretence of complaint herein, for (as already said) its purport was not unknown to the jury. The fifth ground was abandoned, (touching newly discovered testimony;) and as to the rest, involving the broad question of the prisoner’s guilt, we should be wanton in saying that this Court can see any such ground to impute error to the jury as to warrant our interposition. The motions in arrest of judgment and for a new trial are dismissed.
O’Neall, Wardlaw, Whitner, Glover and Munro, JJ., concurred.
Motions dismissed.